1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10

| | | |
|---|---|---|
| KEVIN LAMAR HOPKINS, | ) | No. C 12-0813 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **MOTION TO DISMISS; DENYING** |
| v. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT; SCHEDULING** |
| CONTRA COSTA COUNTY SHERIFF | ) | **BRIEFING; INSTRUCTIONS TO** |
| DAVID O. LIVINGSTON, et al., | ) | **CLERK** |
| | ) | |
| Defendants. | ) | |
| _____ | | (Docket Nos. 26, 52) |

11
12
13
14
15
16
17

### INTRODUCTION

18        Plaintiff has filed this pro se civil rights complaint under 42 U.S.C. § 1983 against

19   officials the Contra Costa County Jail, where Plaintiff is incarcerated.  After reviewing

20   the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), the Court issued an

21   Order of Service.  Defendants filed a motion to dismiss the complaint for failure to

22   exhaust pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Plaintiff did not

23   file an opposition, although he was allowed more than two months to do so and was

24   given the required warning about motions to dismiss on exhaustion grounds.  Plaintiff

25   has addressed the exhaustion issue in a motion for summary judgment, declarations,

26
27
28

exhibits and other documents filed with the Court.[1]  Defendants filed an opposition to the
motion for summary judgment, and Plaintiff filed a reply.  For the reasons discussed
below, Defendants' motion to dismiss is GRANTED IN PART and Plaintiff's motion for
summary judgment is DENIED.  The Clerk is instructed to file the motion for injunctive
relief (Dkt. 46) in Case No. C 11-2803 JSW (PR) in this matter, which motion is
DENIED.

**DISCUSSION**

**A.**    <u>**Standard of Review**</u>

      Nonexhaustion under § 1997e(a) is an affirmative defense.  *Wyatt v Terhune*, 315
F.3d 1108, 1119 (9th Cir 2003) (noting that the burden of establishing nonexhaustion
falls on the defendants).  It should be treated as a matter of abatement and brought in an
"unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  *Id.*
(citations omitted).  In deciding a motion to dismiss for failure to exhaust administrative
remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed
issues of fact.  *Id.* at 1119-20.  If the court concludes that the prisoner has not exhausted
California's prison administrative process, the proper remedy is dismissal without
prejudice.  *Id.* at 1120.

**B.**    <u>**Analysis**</u>

      After reviewing the complaint pursuant to 28 U.S.C. § Section 1915A, the Court
found three cognizable claims: (1) that Defendant Deputy Thomas Norvell retaliated
against Plaintiff on September 5, 2011, for filing lawsuits and grievances; (2) that
Defendants were deliberately indifferent to his safety by failing to protect him from a
dangerous inmate who assaulted him on December 20, 2010; and (3) that Defendants
were deliberately indifferent to his medical needs.  The second and third claims were

---

[1]Plaintiff filed an earlier summary judgment motion (Dkt. 10) that was denied without
prejudice.  Exhibits filed in support of that motion have nevertheless been considered in ruling
on the present motions, where relevant.

also the subject of a previous lawsuit filed by Plaintiff in federal court, *Hopkins v. Contra Costa County, et al.*, No. C 11-2803 JSW (PR).  On December 8, 2011, that case was dismissed without prejudice because Plaintiff had not exhausted his administrative remedies.  On February 21, 2012, Plaintiff filed the instant case, and Defendants now argue that Plaintiff still has not exhausted his administrative remedies.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases is mandatory.  *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).

It is undisputed that at the time the alleged constitutional violations took place, the Contra Costa County Jail provided their inmates with procedures for filing administrative grievances about the conditions of their confinement or any other aspect of their treatment while in custody.  (Grottkau Decl. ¶¶ 3-4, Exh. A.)  Inmates must first make an "informal" verbal grievance, and then a "formal" written grievance on an inmate request form.  (*Id.* at Exh. A § II(A), (B).)  The formal written grievance must be made within 48 hours of the incident or condition that is the subject of the complaint.  (*Id.* at Exh. A § II(B)(1).)  The formal grievance is reviewed by a deputy, and if the deputy cannot resolve it, it is forwarded to either the appropriate staff member or to a supervisor.  (*Id.* at Exh. A § II (B)(4).)  The response to the formal grievance may be appealed in writing within five days to the Facility Commander.  (*Id.* at Exh. A § (II)(B)(9); Exh. B § I(A)(1).)  The Facility Commander or her designee will respond to the grievance within five days.  (*Id.* at Exh. B § I(A)(2)(c).)  The Facility Commander's response may then be appealed through the "detention division chain of command," until it reaches the Facility Captain, who conducts the final review of all appeals.  (*Id.* at Exh. B § I(A)(2)(f).)  All

3

inmate grievances are stored in an inmate's booking file.  (*Id.* at ¶ 7, Exh. B § II(A)(2)(g)).  All inmates are shown a video and given an orientation describing the policies and procedures for filing administrative grievances each time they booked into custody at any Contra Costa County Jail facility.  (*Id.* at ¶ 5.)  A written manual explaining these procedures is available on all housing units.  (*Id.* at ¶¶ 5-6.)

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  *Id.*

       1.      Retaliation Claim

Defendants show that a search of Plaintiff's jail records produced no timely exhausted administrative grievances regarding his claim that Defendant Norvell retaliated against him.  (Grottkau Decl. at ¶ 10.)  Plaintiff states that he filed a formal grievance about this retaliation on the day it happened, September 5, 2011.  (Attachment to Compl. at 2; MSJ at 6-7.[2])  He alleges that a jail official named Sergeant Aranda told him that a response to the grievance would be forthcoming.  (Attachment to Compl. at 2; MSJ at 6-7.)  Plaintiff alleges that after he did not receive a response, he filed "several grievances" complaining that Aranda had not responded to his grievance.  (Attachment to Compl. at 2;  MSJ at 6-7.)  According to Plaintiff, Aranda then telephoned him and told him that an Internal Affairs Complaint had been generated and was being investigated.  (Attachment to Compl. at 2; Pl. MSJ at 6-7.)  Plaintiff states that he then filed "two more grievances" and then got a response from the "Appeal level." (Attachment to Compl. at 2; Pl. MSJ at 6-7.)

---

[2]Unless otherwise noted, "MSJ" refers to Plaintiff's summary judgment motion filed on July 25, 2012 (Dkt. 26).

Plaintiff has not specified the dates of the foregoing grievances and appeals. He has, however, submitted copies of grievances and appeals concerning the alleged retaliation by Defendant Norvell on September 5, 2011, and Sergeant Aranda's alleged failure to respond to his grievance of the incident. (Pl. Reply Decl. (Dkt. 47) Exh. C; Dkt. 10 Exh. C.) None of these grievances or appeals were filed within the 48 hours of the alleged retaliation on September 5, 2011, however. (*Id.*) As such, they were not timely under the jail's grievance procedures (*see* Grottkau Decl. Exh. A § II(B)(1)), and therefore did not properly exhaust. *See Ngo*, 548 U.S. at 84. While Plaintiff alleges that he filed a grievance on September 5, 2011, the day of the incident, he does not provide a copy of it or an explanation for why he does not have a copy of that grievance but does have copies of his many other grievances and appeals.

Even if the Court assumed that Plaintiff did in fact file the alleged grievance on September 5, 2011, moreover, there still would not be evidence that he properly and fully exhausted his retaliation claim in compliance with the jail's grievance procedures. There is no evidence or allegation that he filed appeals on this issue to the final level of review before Facility Captain, as is required to fully exhaust the jail's administrative procedures. (Pl. Reply Decl. (Dkt. 47) Exh. C; Dkt. 10 Exh. C; *see* Grottkau Decl. Exh. A § II(B).) He submits copies of three appeals that were denied by Sergeants; even if these were deemed timely insofar as they appear to have been denied on their merits, there are no appeals higher up the chain of command, let alone to the Facility Captain. (*Id.*)

As there is no evidence that Plaintiff's grievances and appeals about retaliation were timely and proceeded to the highest level of review, his retaliation claim was not properly exhausted under the PLRA.

2.   Safety Claim

Defendants have submitted evidence that Plaintiff also has not exhausted his

second claim, namely that Defendants' failed to protect him from an assault by another inmate on December 20, 2010.  A search of Plaintiff's jail records indicated that the first grievance about this incident was filed on December 26, 2010, after the 48-hour deadline.  (Grottkau Decl. ¶ 11.)  As explained in the dismissal of his prior case, this grievance did not properly exhaust his claim both because it was untimely and it was never appealed to the highest level of administrative review.  (*See* Case No. C 11-2803 JSW (PR) (Dkt. No. 34).)[3]  Similarly, the additional grievances and appeals submitted by Plaintiff in this case raising this claim were all filed in late 2011 or 2012, long after the deadline had passed.  (Pl. Reply Decl. (Dkt. 47) Exh. D.)

Plaintiff argues that he did not have to grieve this claim within 48 hours December 20, 2010, because he did not discover the extent of his injuries from the incident until December 19, 2011.  (Attachment to Compl. at 4; Pl. MSJ at 10-11.)  Regardless of when he discovered the extent of his injuries, he knew on the date the alleged attack occurred that Defendants' failed to keep him safe.  As a result, the deadline for grieving Defendants' actions was not delayed by any later discovery of the extent of his injuries or damages from the attack.  Plaintiff also alleges that two officials told him that he did not need to further exhaust this claim.  (Pl. MSJ at 11-12, 17-18.)  There is no evidence that these statements were ever made, and even if there were, the statements are hearsay and cannot be considered for their truth.

Accordingly, Plaintiff has failed to refute Defendants' evidence that he never properly exhausted his second claim.

### 3.   Medical Claim

In his third claim, Plaintiff alleges that Defendants were deliberately indifferent to

---

[3]Plaintiff argues that evidence submitted in his prior case establishes his proper exhaustion of this claim.  (Pl. MSJ at 11.)  The only evidence of exhaustion submitted in that case was the grievance filed on December 26, 2010.

his complaints of pain in his back, buttocks and legs.  (Attachment to Compl. at 5.)  He alleges that Defendants delayed performing an MRI for "months" before doing so on November 8, 2011, did not inform him of the "positive" results of the MRI until December 19, 2011, and had not provided a doctor to discuss the MRI results with him or referred him to a specialist to treat his pain as of the date he signed the instant complaint (February 10, 2012).  (*Id.* at 6.)  Plaintiff also claims that he suffers from a "sleep disorder" and Defendants have displayed a "lackadaisical demeanor" in referring Plaintiff to a specialist for treatment.  (*Id.* at 7.)

Defendants have submitted evidence that a search of Plaintiff's jail records does not produce evidence that he submitted grievances to the final level of administrative appeal complaining about the foregoing alleged lack of medical care.  (Grottkau Decl. ¶ 12.)  Plaintiff has submitted evidence that he filed a grievances and appeals to the Facility Commander (the highest level of appellate review) about his claims that he did not receive timely results for his MRI, that he was not referred or seen by a specialist or other doctor to discuss those results, and that he remains in great pain.  (Dkt. 10 Exh. C.) The appeal to the Facility Commander is dated December 19, 2011.  (*Id.*)  This appeal satisfies the exhaustion requirement as to this part of his medical claim.

Plaintiff has submitted no copies of grievances or appeals complaining about delays in receiving the MRI test.  (*See id.*; Pl. Reply Decl. (Dkt. 47) Exhs. C, D, F; Dkt. 10 Exh. C; Pl. Decl. (Dkt. 27) Exh. I.)  And while he has submitted copies of grievances and appeals concerning his sleep disorder, none of these were filed to the Facility Commander.  (*Id.*)  As a result, he has not exhausted his medical claims about the delays in receiving the MRI test or about the lack of treatment for his sleep disorder.

Plaintiff argues that his obligation to exhaust his claims should be excused because the grievance procedures are ineffectual.  (Pl. MSJ.)  He describes two problems: the same jail official responded on successive levels of appeal and his jail

officials purposefully failed to respond to grievances and appeals. (*Id.*)  As evidence of the first problem, he submits copies of a number of grievance and appeal forms from July 2012 that were responded to by a Lieutenant Haggard.  (Pl. Decl. (Dkt. 27) Exh. I.) These grievances and appeals are not about Plaintiff's medical or other claims raised in this case, however, and therefore they do not demonstrate any obstruction to his efforts to timely exhausting the claims raised herein.  The grievances and appeals that raise his claims were handled by a variety of different officials.  (Pl. Reply Decl. (Dkt. 47) Exhs. B, D, F; Dkt. 10 Exh. C.)

As to his assertion that the grievances were not responded to, he cites generally to copies of dozens of grievances and appeals covering a wide range of complaints, but he does not identify which of these show no response to grievances or appeals about the claims he makes here.  (*Id.*; *see also* Pl. Reply Decl. (Dkt. 47) Exhs. C, D, F; Dkt. 10 Exh. C.)  The Court's review of these grievances and appeals reveals no failure to respond to a timely grievances about the claims raised herein.  (*See* Pl. Reply Decl. (Dkt. 47) Exhs. C, D, F; Dkt. 10 Exh. C; Pl. Decl. (Dkt. 27) Exh. I.)  For example, grievances filed on January 4, 8, and 9, 2012, complain that Plaintiff has not received  response to his December 21, 2011, appeal about his medical care, but the bottom of that appeal shows that a Sergeant Gifford did in fact respond to it.  (Pl. Reply Decl. (Dkt. 47) Exh. D.)  One of these grievances also complains about a lack of response to a December 30, 2011, grievance, but there is no copy of that grievance and Plaintiff does not indicate what that grievance was about.  (*Id.* Exh. F; Attachment to Compl. at 6-7; Pl. MSJ at 13-23.)

These grievances and appeals, as well as the others submitted by Plaintiff, do not show that Plaintiff failed to receive a response to a timely grievance or appeal raising the claims raised herein, or that he otherwise experienced an obstacle beyond his control preventing him from timely exhausting his appeals to the final level of administrative

1   review.  As a result, there are no grounds for excusing his obligation to fully and

2   properly exhaust his claims.

3          4.      Conclusion

4          The evidence clearly indicates that Plaintiff did not properly exhaust his available

5   administrative remedies as to his first, second and part of his third claims, as described

6   above, and he has not established grounds for excusing the PLRA's requirement that he

7   do so.  Accordingly, the motion to dismiss will be granted in part, and his first, second

8   and part of his third claim will be dismissed.

9          Plaintiff's motion for summary judgment will be denied.  Although there is

10  grounds for finding a portion of his third claim exhausted, the motion sets forth no

11  grounds for finding him entitled to judgment as a matter of law on the merits of the

12  claim.

13  **C.      Motion for Immediate Injunction**

14         Plaintiff filed a motion for immediate injunctive relief.  Because he did not

15  include a case number, the Clerk filed it in his prior case (Case No. C 11-2803 JSW (PR)

16  (Dkt. 46)).  As that case is closed, the motion should be filed in this case instead.

17  Plaintiff has not included a proof of service indicating that he has given notice of the

18  motion to Defendants or their attorney.  A temporary restraining order or preliminary

19  injunction may be granted without written or oral notice to the adverse party or that

20  party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by

21  the verified complaint that immediate and irreparable injury, loss or damage will result to

22  the applicant before the adverse party or the party's attorney can be heard in opposition,

23  and (2) the applicant's attorney certifies in writing the efforts, if any, which have been

24  made to give notice and the reasons supporting the claim that notice should not be

25  required.  *See* Fed. R. Civ. P. 65(b).  Plaintiff has not made the first showing, nor has he

26  included the certification required by Rule 65(b)(2).  Accordingly, the motion will be

27

28                                              9

denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART (docket number 52). Plaintiff's first, second and part of his third claim, as described above, are DISMISSED without prejudice. Plaintiff's motion for summary judgment (docket number 26) is DENIED.

Defendants **shall** file an answer to the complaint within **28 days** of the date this order is filed.

No later than **91 days** from the date this order is filed, Defendants shall file a motion for summary judgment regarding the portion of his third claim that is exhausted, as described above. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due, and a trial will be set.

Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

Along with their motion for summary judgment, Defendants shall file proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012), and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the time they served him with their motion. Failure to do so will result in the summary denial of the motion.

1    Plaintiff's motion for immediate injunctive relief is DENIED; the Clerk shall file

2  the motion, filed as docket number 46 in Case No. C 11-2803 JSW (PR), in this case.

3    IT IS SO ORDERED.

4

5  DATED:  February 8, 2013

6                                           JEFFREY S. WHITE
                                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                     11

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAMAR HOPKINS,

               Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

               Defendant.

_____/

Case Number: CV12-00813 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins CC11CZ851
3012 High Street
Oakland, CA 94619

Dated: February 8, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk